**CEDAR INVESTMENT COMPANY, Inc., a corporation, d/b/a Insurance Budget Plan, Plaintiff,**

v.

**CANAL INSURANCE COMPANY, a corporation, Defendant.**

**No. 66 C 312(1).**

United States District Court
E. D. Missouri, E. D.
Nov. 18, 1966.

Morris A. Shenker and John L. Boeger, St. Louis, Mo., for plaintiff.

Thomas S. McPheeters, Jr., and Marion S. Francis, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HARPER, Chief Judge.

This matter is before the court on the defendant's motion to dismiss and to quash the return of service of summons.

The pertinent part of the complaint alleges that the plaintiff is a Missouri corporation; that the defendant is a South Carolina corporation which is licensed to do business in Missouri; that jurisdiction of this court is founded on diversity of citizenship and amount; that the plaintiff is the assignee of certain negotiable premium finance agreements executed by some of the defendant's policyholders to and in favor of Daly's Insurance Centers or Daly's Insurance Agency (hereinafter Daly's), under which agreements said policyholders borrowed money to pay for premiums on insurance policies issued by the defendant; that under the terms of said premium finance agreements, said policyholders assigned to Daly's any unearned premium which might become due in the event of cancellation of the policies, together with the policy as security; that the plaintiff is the lawful assignee of Daly's under said negotiable premium finance agreements, which assignments were all executed prior to maturity of said premium finance agreements and for full value, and that plaintiff is now the owner and holder in due course of said premium finance agreements; that subsequent to such assignment, plaintiff gave defendant written notice of said assignment and advised defendant that any and all unearned premiums due defendant's insureds had been assigned to plaintiff; and that amounts are due and owing under said finance agreements, but that defendant has refused to cancel said policies or to pay to plaintiff any unearned premiums.

An affidavit of defendant's vice-president (Exhibit B attached to defendant's motion) states that all of the said policyholders were either residents of Maryland or Washington, D. C. at the time the policies were issued and that the risks (automobiles) covered by said policies were neither registered nor located in the State of Missouri. Service of process in this action was made solely upon the Missouri Superintendent of Insurance, pursuant to 375.210, Revised Statutes of Missouri, V.A.M.S.

The question presented is whether under the preceding facts the plaintiff, a resident of Missouri, may serve the defendant, a resident of South Carolina, by serving the Missouri Superintendent of Insurance pursuant to 375.210, Revised Statutes of Missouri, V.A.M.S.

The pertinent part of 375.210, Revised Statutes of Missouri, is paragraph 2, V.A.M.S., to-wit:

"Service of process shall be made by delivery of a copy of the petition and summons to the superintendent of insurance * * *, *and service as aforesaid shall be valid and binding in all actions brought by residents of this state upon any policy issued or matured, or upon any liability accrued in this state, or on any policy issued in any other state in which such resident is named as beneficiary,* and in all actions brought by nonresidents of this state upon any policy issued in this state in which such nonresident is named beneficiary or which has been assigned to such nonresident and in all actions brought by nonresidents of this state on a cause of action, other than an action on a policy of insurance, which arises out of business transacted, acts done, or contracts made in this state." (Emphasis added.)

As a resident of Missouri, the plaintiff may serve the superintendent of insurance only if the policies in question were either issued or matured in Missouri, or liability thereon accrued in Missouri, or if the plaintiff is named a beneficiary of said policies.

The plaintiff does not allege that any of said policies were either issued or matured in Missouri, or that the plaintiff is named as a beneficiary in such policies. In fact, the affidavit of the defendant's vice-president states that all of the policies were issued and matured in either Maryland or Washington, D. C.

The plaintiff contends that the alleged liability on the policies has accrued in Missouri, by reason of the fact that the assignments referred to in the facts above, were made to the plaintiff before any alleged liability for a return of unearned premiums arose. This court cannot agree with the contention.

Section 375.210 of R.S.Mo., V.A.M.S., permits a Missouri resident to begin suit against a foreign insurance company by serving the superintendent of insurance, only in instances where the activities giving rise to the suit took place in Missouri. See State ex rel. Phoenix Mut. Life Ins. Co. of Hartford, Conn., v. Harris, 343 Mo. 252, 121 S.W.2d 141, 145, 119 A.L.R. 862, which construed an earlier version but substantially the same statute as 375.210, R.S.Mo., V.A.M.S.

■ The statute means that the *policy* itself, not any liability thereon, must be outstanding in Missouri. State v. Harris, supra, l. c. 146.

■ As the facts appear to the court in the present case, none of the policies from which liability has allegedly arisen were issued in Missouri, nor were any of the beneficiaries thereof residents of Missouri, nor were any of the risks located in Missouri. Section 375.210 is not broad enough to allow the serving of the superintendent of insurance in such a situation.

For the foregoing reasons the return of service of summons made upon the Missouri Superintendent of Insurance is hereby quashed.

■ The attorneys for the plaintiff advised the court in presenting this motion that there was no other way of obtaining service upon the defendant other than through the Superintendent of In-

surance. In view of this fact, in addition to quashing the service, the motion to dismiss is sustained, and said cause is dismissed without prejudice at plaintiff's costs.